```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA         :         CRIMINAL ACTION
                                 :
         v.                      :
                                 :
DOODNATH RAMNATH                 :         NO. 15-163
```

### MEMORANDUM

Bartle, J.                                                       April 29, 2016

       Before the court is the pro se petition of Doodnath Ramnath ("Ramnath") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

       In May 2015, Ramnath pleaded guilty to illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326(a), (b)(2). In September 2015, he was sentenced to fifty-four months of imprisonment, three years of supervised release, and a $100 special assessment. This sentence was well below the Sentencing Guidelines range of seventy to eighty-seven months. On September 16, 2015, Ramnath filed a pro se motion for reconsideration, which was denied by the court. Ramnath filed a notice of appeal in December 2015. His appeal was dismissed as untimely in February 2016. Ramnath now claims that his sentence should be reduced because he was denied the effective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution.

I.

The following facts and procedural history are undisputed or taken in the light most favorable to Ramnath. Ramnath is a citizen of Trinidad and Tobago. He first entered the United States in 1984 and became a legal permanent resident in 1990.

Ramnath has not objected to the characterization of his criminal history in the presentence report. It provides that he was convicted in 2001 of theft in Florida and sentenced to three days in jail. In 2003, he pleaded guilty to conspiracy to distribute and possession with intent to distribute crack cocaine in the Eastern District of New York. He was sentenced to imprisonment of thirty-seven months.

In 2004, Ramnath pleaded guilty to disorderly conduct in Monroe County, Pennsylvania for assaulting his wife by grabbing her throat, pushing her to the floor, kicking her in the back, and hitting her in the face. After pleading guilty to this offense, Ramnath failed to appear and a bench warrant was issued for his arrest. In 2008, he was detained and sentenced to between two and six months of imprisonment. He was also placed on an immigration detainer.

In 2009, Ramnath pleaded guilty in the state court in Philadelphia to aggravated assault and possession of a firearm in shooting his wife in the back and shoulder in 2004 despite a

-2-

valid protection from abuse order.  He was sentenced to between one and a half and three years of imprisonment.  He was deported from the United States in March 2010.

Ramnath thereafter illegally reentered the United States.  In 2015, he pleaded guilty to possession of crack cocaine, again in the state court in Philadelphia.  He was sentenced to prison for between three and eleven and a half months.

Finally, in May 2015, Ramnath pleaded guilty before the court to illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326(a), (b)(2).  At the September 2015 sentencing, the court determined that Ramnath's offense level was twenty-one, after taking into account his base offense level of eight and a sixteen-level upward adjustment because Ramnath had previously been convicted of a drug trafficking offense and was sentenced to more than thirteen months of imprisonment for that offense.  See U.S. Sentencing Guidelines Manual § 2L1.2.  The court applied a three point downward departure because Ramnath had accepted responsibility.  He had twelve criminal history points, placing him in Criminal History Category V.  As noted above, the Guidelines range was seventy to eighty-seven months, and the court sentenced Ramnath to fifty-four months of imprisonment.

II.

Ramnath alleges in his motion under § 2255 that his constitutional right to the effective assistance of counsel at sentencing was violated.  He maintains that he is entitled to a reduced sentence because defense counsel was ineffective in failing to pursue a downward departure under the fast track program.

The Sixth Amendment to the U.S. Constitution guarantees the right of criminal defendants to effective assistance of counsel.  <u>See</u> U.S. Const. amend. VI; <u>Strickland v. Washington</u>, 466 U.S. 668, 685-86 (1984).  The right to counsel extends to all critical stages of a criminal proceeding, including sentencing.  <u>See</u> <u>Lafler v. Cooper</u>, 132 S. Ct. 1376, 1385-86 (U.S. 2012).  "Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in <u>Strickland</u> prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'"  <u>See</u> <u>id.</u> (quoting <u>Glover v. United States</u>, 531 U.S. 198, 203 (2001)).

"A prisoner seeking relief on the grounds of ineffective assistance of counsel bears the burden to demonstrate two requirements."  <u>United States v. Seeley</u>, 574 F. App'x 75, 78 (3d Cir. 2014); <u>Strickland</u>, 466 U.S. at 687.  He "must establish that (1) the performance of counsel fell

below an objective standard of reasonableness; and, (2) counsel's deficient performance prejudiced the defense." See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007) (citing Strickland, 466 U.S. at 687).

The fast track program was adopted by the Eastern District of Pennsylvania in March 2012.  Under the fast track program, defendants charged with illegal reentry under 8 U.S.C. § 1326 are eligible for a downward departure at sentencing in certain limited circumstances.  See generally Memorandum from Deputy Attorney General James M. Cole, Department Policy on Early Disposition or "Fast Track" Programs (2012).  However, defendants who were previously removed from the United States multiple times or who have been convicted of a drug trafficking felony are not eligible for the program.  See id. at 3; United States v. Minaya-Yanger, 2015 WL 2258147, at *1 n.1 (E.D. Pa. May 14, 2015); see also United States v. Sanchez-Sanchez, 501 F. App'x 218, 221 (3d Cir. 2012).

The fast track program was in effect in the Eastern District of Pennsylvania in 2015 when Ramnath was sentenced. However, Ramnath cannot establish that he was prejudiced by counsel's failure to pursue fast track relief because he was not eligible for it.  Ramnath was convicted of a drug trafficking felony in 2003 and sentenced to thirty-seven months of imprisonment.  This felony drug conviction rendered Ramnath

ineligible for fast track relief.  "There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument."  See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).  Even if defense counsel had sought this relief, he would have been unable to obtain it.  Ramnath cannot establish that defense counsel was ineffective in this regard.

### III.

In his § 2255 petition, Ramnath has stated a single ground for relief, that is that counsel was ineffective in failing to seek a lesser sentence under the fast track program. Yet, in the brief attached to the § 2255 petition, Ramnath asserts several additional arguments, which merely repeat arguments already raised by his counsel in his sentencing memorandum and at his sentencing hearing.  In fact, the language in the memorandum is nearly identical to what Ramnath says here. Ramnath claims that the sixteen-level enhancement overstated the seriousness of his offense.  He also argues that the sixteen-level enhancement, when applied in conjunction with Criminal History Category V, amounts to "unreasonable double counting." Further, Ramnath asserts that he is entitled to a reduced sentence because of his family ties and cultural assimilation in the United States.  Ramnath explains that he migrated to the United States with his family and lived in the United States

legally for many years.  He notes that he obtained a G.E.D., attended one year of community college, held various jobs, and at one point was a lawful permanent resident in the United States.  He repeats that many close family members reside in the United States.

Defense counsel presented these same arguments to the court at the sentencing hearing and in Ramnath's sentencing memorandum.  The court took all of these arguments into account in fashioning a sentence, which was below the Guideline range.  Ramnath's position that counsel was ineffective in this regard is totally without merit.[1]

### IV.

Accordingly, we will deny the motion of Ramnath to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 because there is no merit to his allegations that defense counsel was ineffective.  We will not issue a certificate of appealability because the petitioner has not "made a substantial

---

[1]. Ramnath asserts that he is entitled to credit for time served while on an immigration detainer after completing his sentence for his 2015 conviction for possession of crack cocaine.  "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (quoting Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)).  Before filing a § 2241 petition in the appropriate district court, Ramnath must exhaust administrative relief available to him at the Bureau of Prisons.  See Eiland v. Warden Fort Dix FCI, 2015 WL 8598576, at *2 (3d Cir. Dec. 14, 2015) (citing Small v. Camden Cty., 728 F.3d 265, 269 (3d Cir. 2013)).

showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483 (2000).